UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RAYMOND ROSSI III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO:   2:21-cv-0337 |
| | ) |
| INDIANA PACKERS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, MR. RAYMOND ROSSI III, by counsel, pursuant to Rule 3 of the Federal Rules of Civil Procedure, and files herein his Complaint against Defendant, INDIANA PACKERS CORPORATION, and shows the Court as follows:

**JURISDICTION AND VENUE**

1. This suit is brought, and jurisdiction lies pursuant to §28 U.S.C. § 1331, instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*., and the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA").

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Indiana, Hammond Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over the state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require

that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff is a male citizen of the United States, and is a qualified employee as defined under 29 U.S.C. §630(f) and a qualified employee as defined in 29 C.F.R. 825.800 (FMLA).

5. At all relevant times hereto plaintiff was an "employee" of the Defendant.

6. Defendant is a qualified employer as the term is defined in 29 U.S.C. §630(f) and a covered employer as the term is defined in 29 C.F.R. 825.104 (FMLA).

7. Defendant is a foreign for-profit corporation doing business in the state of Indiana and registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

8. On or about June 6, 2020 Plaintiff filed timely charges of Disability Discrimination and retaliation in violation of the ADA against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2020-02944.

9. Defendant's position statement with the EEOC was received by plaintiff via counsel on or about April 27, 2021.

10. On or about September 3, 2021 plaintiff contacted his counsel, notifying them he had not received any further communication from the EEOC.

11. On or about September 3, 2021, plaintiff's Counsel contacted the EEOC and was told that a Notice of Right to Sue was issued to plaintiff and his counsel on May 27, 2021.

12. A thorough search of the plaintiff's and counsel's digital and paper file, including electronic mail communications, has revealed that no Notice of Right to Sue was ever received.

13. It was not until October 7, 2021 that the undersigned attorney was provided a copy of the Notice of Right to Sue. A copy of the Notice is attached hereto and incorporated herein by reference as **Exhibit "A".**

14. The Complaint in this matter was field within ninety (90) days of receipt of the above reference Notice of Right to Sue form the EEOC.

## FACTS

15. Plaintiff began his employment with Defendant in 2008.

16. Throughout his employment, Plaintiff met or exceeded Defendant's legitimate expectations of performance.

17. On or about August 7, 2019, Plaintiff left work early to go the hospital where he was diagnosed with Diabetes.

18. On or about August 8, 2019, Plaintiff filled out FMLA paperwork provided by the Defendant and the next day submitted it to the employee health clinic.

19. On or about August 9, 2019, Plaintiff was given a written warning for leaving work early on August 7, 2019. A representative from human resources notified Plaintiff he was suspended, but he was later informed by his supervisor he was not suspended, and his attendance record would be fixed once the FMLA paperwork was approved.

20. On or about September 9, 2019, Plaintiff was notified his FMLA paperwork had been submitted to the U.S. Department of Labor.

21. On January 1, 2020, the Plaintiff's attendance record was set to restart for the new quarter.

22. The Defendant has an attendance policy wherein an employee with nine (9) attendance points in any quarter will be terminated.

23. On or about January 6, 2020, plaintiff called off work because he was ill.

24. On or about January 9, 2020, plaintiff was told he had nine (9) attendance points and was terminated by the Defendant

25. Plaintiff showed his employer his employment record showing his only absence for the quarter was a call in on January 6, 2020.

26. On or about January 10, 2020, plaintiff contacted the Defendant regarding his dispute of the attendance point. The Defendant reiterated that plaintiff was terminated.

27. Defendant discriminated against plaintiff due to his disability of diabetes.

28. Defendant failed to accommodate plaintiff's disability and terminated him as a result.

29. Defendant terminated plaintiff in retaliation for exercising his rights under the FMLA.

30. Defendant terminated plaintiff due to the use of FMLA.

31. Defendant retaliated against plaintiff for seeking and using his benefits under the FMLA.

## COUNT I

## DISCRIMINATION ON THE BASIS OF A DISABILITY

Plaintiff, for his first claim for relief against Defendant, states as follows:

32. Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-one (31) as though previously set out herein.

33. At all times relevant to this action, plaintiff was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.

34. The conduct as described hereinabove constitutes discrimination based on plaintiff's disability.

35. The Defendant willfully and intentionally failed to accommodate plaintiff's disability.

36. Defendant intentionally and willfully discriminated against plaintiff because he is disabled and/or because plaintiff has a record of being disabled and/or because Defendant regarded plaintiff as disabled. Similarly situated non-disabled employees were treated more favorably in the terms of privileges, and conditions of their employment.

37. Defendant's actions were intentional, willful and in reckless disregard of plaintiff's rights as protected by the ADA.

38. Plaintiff has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II

## RETALIATION FOR TAKING LEAVE UNDER FMLA

39. Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-eight (38) as though previously set out herein.

40. Defendant's termination of plaintiff was in violation of his rights under the FMLA.

41. Defendant intentionally tried to interfere with plaintiff's right to FMLA.

42. Defendant retaliated against plaintiff for his use of benefits under the FMLA.

43. Defendant's actions were intentional, willful, malicious, and done in reckless disregard of plaintiff's legal rights under the FMLA.

44. Plaintiff has suffered economic damages due to Defendant's unlawful acts.

45. Plaintiff has suffered emotional distress damages as a result of Defendant's unlawful acts.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, MR. ROSSI, respectfully requests that this Court enter judgment in his favor and:

a. Order Defendant to pay plaintiff his lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which he would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages;

f. Pay for lost future wages;

g. Pay to plaintiff all costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre- and post-judgment interest;

i. Provide to plaintiff all other legal and/or equitable relief this Court sees fit to grant.

**DEMAND FOR JURY TRIAL**

The Plaintiff, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ *Leah N.Miller*
Leah N.Miller #36903-29
Darron S. Stewart #21114-29
STEWART & STEWART ATTORNEYS
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
Leahm@getstewart.com
Attorneys for Plaintiff,